IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
<u>Richmond Division</u>

MALCOLM X. SHEPPARD,

    Plaintiff,

v.                                                  Case No.: **3:18-cv-00723-HEH**

THE VISITORS OF VIRGINIA STATE UNIVERSITY,
LETIZIA GAMBRELL-BOONE, individually and in her official capacity,
HENRY DEBOSE, individually and in his official capacity,
and
JULIA A. WALKER, individually and in her official capacity,

    Defendants.

                                                                                       **JURY TRIAL**
                                                                                       **DEMANDED**

**<u>COMPLAINT</u>**

Plaintiff Malcolm X. Sheppard ("Sheppard"), by and through his undersigned counsel, files this Complaint against (1) The Visitors of Virginia State University ("VSU") for violations of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a); (2) against the Family Educational Rights Privacy Act of 1974 ("FERPA"), 29 U.S.C. § 1232g; and (3) against VSU administrators Letizia Gambrell-Boone, Henry DeBose and Julia A. Walker for violations of Title IX, FERPA and Sheppard's due process rights guaranteed under the Fourteenth Amendment of the United States Constitution, actionable pursuant to 42 U.S.C. § 1983. In support of this Complaint, Sheppard represents unto the Court as follows:

<u>INTRODUCTION</u>

From 2014 to 2016, Sheppard was an undergraduate student at VSU in Petersburg, Virginia. Plaintiff alleges that VSU treated him differently from female students on the basis of his male sex, when VSU's Office of Judicial Affairs initiated administrative charges against him

for a violation of the VSU Student Code of Conduct ("Code"), but did not pursue administrative charges against two female students for violations of the Code arising from the same incident. By subjecting Sheppard to disparate treatment on account of his male sex, and wrongfully imposing sanctions and punishments more onerous than imposed by VSU's Office of Judicial Affairs, VSU violated Title IX, which states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681.

The plaintiff also alleges that VSU officials suspended him from the University, prevented him from completing his coursework, involuntarily withdrew him from classes, and refused to release his transcript so he could enroll in another university. The refusal to furnish Sheppard a transcript, despite there being no unfulfilled financial obligation to VSU, constitutes a violation of FERPA.

The actions of the three individual defendants violated Sheppard's rights under Title IX, FERPA, and his due process rights to notice and a fair hearing under the Fourteenth Amendment to the United States Constitution. An unwarranted suspension from a state-sponsored institution of higher learning implicates a liberty interest because the plaintiff's "good name, reputation, honor or integrity is at stake because of what the government is doing to him." Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971). Further, the suspension and withholding of his transcript constitutes an alteration of plaintiff's legal status as a student. Sciolino v. City of Newport News, 480 F.3d 642, 650 (4th Cir. 2007).

Sheppard's VSU transcript now bears a notation of "Withdrawal from Term – Title IV November 29, 2016" regarding his fall semester 2016 classes, which will likely "interfere with

later opportunities for higher education and employment." <u>Goss v. Lopez</u>, 419 U.S. 565, 575 (1975). As the foregoing events arose at a state university, the actions occurred under color of state law, requiring that plaintiff's constitutional rights to due process be honored.

<h2 style="text-align:center">PARTIES</h2>

1. Plaintiff Sheppard was during all times relevant to this Complaint a resident of the Commonwealth of Virginia, residing in the City of Suffolk. He is currently a resident of Isle of Wight County, Virginia.

2. Defendant The Visitors of Virginia State University is a public institution of higher learning, incorporated by the Commonwealth of Virginia, and operated by the VSU Board of Visitors and controlled and maintained by the Virginia General Assembly, pursuant to provisions of Title 23.1, chapter 23 of the Code of Virginia. VSU is located in the Chesterfield County.

3. Defendant Letizia Gambrell-Boone, was the Vice President for Student Success and Engagement at VSU. She is sued in her individual and official capacities.

4. Defendant Henry DeBose was the Director of the Office of Judicial Affairs and Associate Vice President for Student Success and Engagement at VSU. He is sued in his individual and official capacities.

5. Defendant Julia Walker was the EEOC and Title IX Coordinator at VSU. She is sued in her individual and official capacities

6. In their actions set forth herein, all individual defendants are alleged to have been acting under color of statutes, regulations, customs and usages of the Commonwealth of Virginia. All actions complained of here were taken by the individual defendants in the course and scope of their respective employment with VSU, with VSU's actual or apparent authority

and/or with the VSU's knowledge and acquiescence. Their actions as individuals taken under color of state law render them liable under 42 U.S.C. § 1983.

## JURISDICTION and VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (violation of civil rights) because Sheppard's claims arise under the United States Constitution, brought pursuant to 42 U.S.C. § 1983.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). VSU is a public school created under Virginia Code Title 23, Chapter 6.1, incorporated in and with its principal place of business in the Commonwealth of Virginia, and is considered to reside in this judicial district and division. In addition, the events and omissions giving rise to the plaintiff's claims occurred with this judicial district and division.

## STATEMENT OF FACTS

9. Sheppard enrolled as a sophomore at VSU for the 2016-2017. During his tenure at VSU, he was involved in a romantic relationship with a female student referred to herein as Student A for approximately two years. By late October 2016, Sheppard and Student A had ended their relationship.

10. On October 25, 2016, Sheppard discovered that a cell phone charger and items of clothing were missing from his dormitory room. Sheppard learned from his roommate that Student A and a female friend of hers, referred to herein as Student B, had been in the dormitory room unaccompanied. Sheppard went to two dorm resident assistants to report the theft and request help retrieving the stolen items. Both resident assistants refused to help, and refused to enlist the aid of Student A's resident assistant. Sheppard then went to Student A's dormitory to retrieve the items himself.

11. Sheppard confronted Student A, he went to grab the dorm room keys from her and inadvertently pushed Student A while in the hallway outside of her dorm room.  Student A filed an Incident Report with VSU's Department of Police and Public Safety ("DPPS") stating that Sheppard "pushed her several times while in front of [her dormitory] . . . room and again in a nearby stairwell."

12. Student B also submitted a written statement to DPPS, wherein she acknowledged participating with Student A in taking items from Sheppard's dormitory room (claiming that the items belonged to Student A), and corroborated that she observed Sheppard "pushing and grabbing" Student A.

13. DPPS referred all three students to VSU's Office of Judicial Affairs ("OJA") for appropriate action.  DPPS referred Sheppard for assault, and Students A and B for larceny.

14. The next day, on October 26, 2016, OJA issued Sheppard a Pre-Hearing Notice.  The Notice advised Sheppard that OJA was initiating charges of violations of the VSU Student Code of Conduct ("Code").

15. Sheppard was also informed that he could not remain on campus, and so returned home to the Suffolk, Virginia area. He returned to campus for a hearing, described below, but did not again return to VSU for class.

16. On October 31, 2016, OJA held a hearing to adjudicate Sheppard's charge for assault.  It found Sheppard responsible for violating section 8.01 (physical abuse, threats, intimidation or harassment) and section 8.02 (violence on university property) of the Code.

17. On November 1, 2016, OJA imposed several sanctions on Sheppard, including 100 hours of community service, anger management sessions, relationship violence education, and probation for one probation.  Specifically, OJA did not impose a suspension of Sheppard.

18. Following the October 25th incident, Student A filed a request for a protective order in the Chesterfield County General District Court. No service was made on Sheppard at his VSU address because he had returned home. Accordingly, Sheppard was not informed of the hearing date, and did not appear. A protective order was entered prohibiting Sheppard from being on the VSU campus, or within 100 feet of Student A.

19. On November 3, 2016, Sheppard sent defendant Henry DeBose, Director of OJA, an appeal letter requesting to complete OJA sanction requirements of anger management sessions and community service in Suffolk. DeBose made no response to the appeal letter, and no appeal was heard by OJA.

20. On November 9, 2016, the Chesterfield County General District Court extended the protective order against Sheppard until January 2017. Having not been served, Sheppard had no notice of the court hearing and did not appear.

21. On November 11, 2016, the Office of Student Conduct sent e-mail messages to Sheppard's teachers requesting that they make provisions to allow him to complete his coursework remotely since he was prevented by the protective order from returning to campus. All but one teacher allowed Sheppard to complete the fall semester coursework online.

22. On November 29, 2016, DeBose sent a letter to Sheppard indicating that his "suspension" from VSU remained in effect. This was a new and additional action taken against Sheppard since the OJA sanction did not include a suspension from school.

23. DeBose's letter stated further that VSU deemed Sheppard "withdrawn" from school, and he was being given no credit for his classes or opportunity to complete the semester. Sheppard had not requested a withdrawal, and in fact was completing his classwork online, as previously arranged with his teachers.

24. Defendants Letizia Gambrell-Boone and Julia Walker were copied on DeBose' November 29 letter and are assumed to have taken part in the action against Sheppard.

25. In December 2016, Sheppard attempted to enroll at Old Dominion University (ODU), but was prevented from doing so because a hold was placed on his transcript according to the VSU registrar. The registrar confirmed that Sheppard had no outstanding financial obligation to VSU that would justify a hold. On December 23, 2016, Sheppard's mother appealed to DeBose for the release of his transcript. DeBose agreed to speak with the registrar.

26. Sheppard's transcript was not released until an attorney acting on his behalf demanded that VSU release it in March 2017. By the time it occurred, however, it was too late for Sheppard to enroll at ODU for the Spring Semester.

27. As a result of VSU's malfeasance, Sheppard was wrongfully denied academic credit for the Fall Semester 2016, for which he paid tuition, but for which his transcript indicates "withdrawal." Further, Sheppard missed enrollment at ODU for Spring Semester 2017, further setting back his education.

28. On or about January 23, 2017, Sheppard initiated a complaint with the U.S. Department of Education, Office of Civil Rights ("OCR"). The complaint alleged that VSU treated Sheppard differently from Students A and B on the basis of his male sex, when OJA initiated administrative charges against him for physical assault, but did not initiate charges against Students A and B for theft, as reported in the same incident report to DPPS.

29. A preliminary investigation by OCR revealed that while OJA moved swiftly and expeditiously against Sheppard, it was unhurried with respecting to adjudicating administrative charges against Students A and B.

30. OJA waited until December 17, 2016 to e-mail Student A and Student B, urging them to contact OJA about their alleged violations of the Code. On January 11, 2017, OJA subsequently issued Student B a Pre-Hearing Notice, advising her that a hearing was scheduled for January 17, 2017. That hearing was subsequently postponed at her request. No Pre-Hearing Notice was issued to Student A.

31. VSU received notice of the OCR complaint on March 16, 2017.

32. Only after that date did OJA convene a hearing on the charges against Student B. The Judicial Panel found her not responsible for theft.

33. Regarding Student A, OJA did not attempt to contact her until March 20, 2017 (four days after receipt of the OCR notice), when it sent a second e-mail reiterating its December 17, 2016 notice to contact the OJA office. At a hearing conducted on April 7, 2017, the Judicial Panel found Student A responsible for theft under the Student Code. Student A was issued a sanction of 40 hours community service, conflict resolutions sessions, a $20 fine, and probation.

34. Following a preliminary investigation by OCR, concluding found that Sheppard established a *prima facie* case of discrimination by VSU because the OJA took swift action against him while taking none against the female students until Sheppard filed his OCR complaint. By letter dated July 21, 2017, OCR concluded:

> The discrepancy in timing between the initiation and adjudication of [Sheppard's] charges compared to Student A and Student B's charges is demonstrative that OJS treated [Sheppard], a male student, less favorably than Student A and Student B, who are female students at the University.

35. OCR's initial investigation also concluded that VSU did not establish a legitimate, nondiscriminatory reason for the different treatment. While VSU attributed the disparate treatment to the female students' noncooperation with the adjudication process, OCR noted that

8

VSU's Code permitted OJA to conduct adjudication hearings in the absence of the accused student. OCR deemed VSU's proffered reasons for the disparate treatment pretextual:

> Although OCR has not completed its investigation, OCR is concerned that the University's articulated justification for different treatment is not fully corroborated by available evidence and does not account for the outlined timing disparities in both the initiation and adjudication of charges against all three students.

36. Rather than proceed with a full investigation, VSU elected to enter into a Resolution Agreement with OCR to ensure future compliance with the mandates of Title IX.

37. VSU's deliberate indifference to Sheppard's rights to be free of gender-based discrimination in adjudication of administrative charges of violations of the Student Code led to the loss of educational opportunities and benefits, deprived him of a college education at that institution, and caused him injuries, damages, and losses including but not limited to emotional distress, lost future earnings, damage to and delays of his completing higher education.

COUNT I
AGAINST VSU FOR VIOLATION OF TITLE IX BY VSU

38. VSU discriminated against Sheppard by taking swift and aggressive administrative action against him while taking essentially no action against female students charged in the same incident until compelled to do so by a complain to the U.S. Department of Education Office of Civil Rights; and erroneously suspending him from the University and wrongfully withholding his transcript, was deliberately indifferent to Sheppard's rights under Title IX.

39. As a result of VSU's indifference, Sheppard has suffered substantial loss of educational opportunities as he was wrongfully suspended from the University and denied academic credit for his coursework during the fall semester of 2016.

40. As a result of these Title IX violations, Sheppard was suspended and suffers ongoing harm, including to his reputation, cessation of his college career, and numerous monetary and

non-monetary damages. He was forced to move out of his on-campus housing, was unable to unable to transfer or enroll to another comparable undergraduate institution of higher learning, and is marred by the erroneous mark on his transcript labeling him as having withdrawn from classes. The discriminatory handling of the entire series of incidents induced severe emotional harm, mental anguish, anxiety, depression and psychological pain.

COUNT II
AGAINST VSU FOR VIOLATION OF FERPA

41. VSU injured Sheppard by wrongfully placing a hold on his academic transcript, without justification, and despite demand that the hold be released, in willful violation of his rights under the Family Educational Rights to Privacy Act of 1974, 29 U.S.C. § 1232g.

42. As a result of VSU unjustified withholding of Sheppard's transcript, he suffered substantial loss of educational opportunities as he was denied the opportunity to transfer to another university who expressed a willing to enroll him.

43. As a result of these Title IX violations, Sheppard was suspended and suffers ongoing harm, including to his reputation, cessation of his college career, and numerous monetary and non-monetary damages. He was forced to move out of his on-campus housing, was unable to unable to transfer or enroll to another institution of higher learning, and is marred by the erroneous mark on his transcript labeling him as having withdrawn from classes.

COUNT III
AGAINST GAMBRELL-BOONE, DEBOSE AND WALKER
FOR VIOLATION OF TITLE IX, FERPA AND DUE PROCESS, 42 U.S.C. § 1983

44. Defendants Letizia Gambrell-Boone, Henry DeBose and Julia A. Walker were directly responsible for discriminating against him on account of his male sex and denying him the right to participate in an education program, in violations of Title IX, as described herein, which is actionable under 42 U.S.C. § 1983.

45. Upon information and belief, defendants Gambrell-Boone, DeBose and Walker were directly responsible for wrongfully placing a hold on Sheppard's transcript, despite there being no financial obligation owed to VSU that would justify such a hold, thereby preventing him from enrolling in another university in January 2017, and thereby delaying his education, in violation of FERPA, as described herein, which is actionable under 42 U.S.C. § 1983.

46. Each defendant was also directly responsible for suspending Sheppard despite knowing that he was not issued a suspension by the VSU Office of Judicial Affairs, and refusing to permit Sheppard from completing his coursework away from campus and erroneously noting his withdrawal from classes on his transcript.

47. The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty or property, without due process of law."

48. Fourteenth Amendment due process protections are required in higher education disciplinary proceedings.

49. Sheppard has a protected liberty interest in his good name, reputation, honor and integrity, of which he cannot be deprived without due process.

50. Sheppard has a protected liberty interest in pursuing his education, as well as future educational and employment opportunities and occupational liberty, of which he cannot be deprived without due process.

51. Sheppard had constitutionally protected property interest in continuing his education at VSU.

52. Sheppard was wrongfully deemed suspended by each individual defendant, which was not a sanction imposed by OJA. Accordingly, his suspension violated his due process rights to basic fairness, including but not limited to, notice and the opportunity to be heard.

53. Sheppard was denied his liberty and property interests by defendants in an arbitrary and capricious manner.

54. The individual defendants Gambrell-Boone, DeBose and Walker improperly refused to permit Sheppard to complete his coursework during the Fall Semester 2016, despite his having made arrangements with his teachers to do so despite his absence from campus.

55. The individual defendants improperly withheld his transcript so that he could enroll in another university for Spring Semester 2017.

56. The individual defendants, as employees, agents and representatives of VSU were acting under color of state law when they displayed intentional, outrageous and reckless disregard for Sheppard's constitutional rights.

57. As a result of these due process violations, Sheppard was wrongfully suspended and suffers ongoing harm, including to his reputation, cessation of his college career, and numerous monetary and non-monetary damages. He was forced to move out of his on-campus housing, was unable to unable to transfer or enroll to another comparable undergraduate institution of higher learning, and is marred by the erroneous mark on his transcript labeling him as having withdrawn from classes.

58. Accordingly, all defendants are liable to Sheppard for violations of the Due Process Clause of the Fourteenth Amendment and defendants Letizia Gambrell-Boone Henry DeBose and Julia Walker, in their individual/personal capacities, are liable to Sheppard for all damages arising therefrom.

59. As a result of these Title IX violations, Sheppard was suspended and suffers ongoing harm, including to his reputation, cessation of his college career, and numerous monetary and non-monetary damages. He was forced to move out of his on-campus housing, was unable to

unable to transfer or enroll to another comparable undergraduate institution of higher learning, and is marred by the erroneous mark on his transcript labeling him as having withdrawn from classes. The discriminatory handling of the entire series of incidents induced severe emotional harm, mental anguish, anxiety, depression and psychological pain.

WHEREFORE, the plaintiff respectfully prays that this Court enter judgment on behalf of plaintiff and against defendants, jointly and severally, in the amount of $500,000.00, plus costs and attorney's fees; an order enjoining the defendants to remedy the adverse notations on plaintiff's transcript and to cease all future discrimination against him; and such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        MALCOLM X. SHEPPARD

        By: /s/ Scott G. Crowley
            Counsel

Scott Gregory Crowley (VSB # 31216)
CROWLEY & CROWLEY, P.C.
Overlook II Building
4870 Sadler Road, Suite 300
Glen Allen, VA  23060
(804) 205-5010
(804) 205-5001 (fax)
E-mail:  scrowley@crowleyandcrowley.com
*Counsel for plaintiff Malcolm X. Sheppard*