IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| MALCOLM X. SHEPPARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:18cv723–HEH |
| | ) | |
| VISITORS OF VIRGINIA STATE UNIVERSITY and HENRY DEBOSE, Individually, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss)

This matter is before the Court on Defendants'—the Visitors of Virginia State University ("VSU") and Henry DeBose ("DeBose"), a VSU administrator (collectively, the "Defendants")—Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction (ECF No. 20). Plaintiff Malcolm X. Sheppard ("Plaintiff") filed this action against Defendants, contending that Defendants improperly suspended him from VSU. Plaintiff alleges in Count I that VSU violated Title IX, 20 U.S.C. § 1681(a). (Am. Compl. ¶¶ 43–46, ECF No. 19.) In Counts II and III, respectively, Plaintiff also states claims against DeBose, in his individual capacity, under 42 U.S.C § 1983, for violations of Plaintiff's due process rights and equal protection rights under the Fourteenth Amendment. (*Id.* ¶¶ 47–55, 56–58.)

The parties have fully briefed the issues, and the Court will dispense with oral argument because the facts and legal contentions have been adequately presented to the

Court. *See* E.D. Va. Local Civ. R. 7(J). For the reasons stated herein, Defendants' Motion to Dismiss will be granted.

Plaintiff filed his original Complaint in this action on October 24, 2018 (ECF No. 1). This Court dismissed the Complaint for failure to state a claim in a Memorandum Opinion issued on April 25, 2019 (ECF No. 17). This Memorandum Opinion incorporates the facts set out in the previous Memorandum Opinion.[1]

Plaintiff's Amended Complaint, filed on May 14, 2019, contains some new factual allegations. To enhance Count I, Plaintiff alleges that he and the female students involved in the underlying incident were all subject to the same Student Code of Conduct, had similar misconduct charges leveled against them, faced the same VSU adjudicatory process, and shared the same disciplinary history. (Am. Compl. ¶ 43.) To enhance Count II, Plaintiff claims that he has property interests in his continued enrollment at VSU, not being arbitrarily and haphazardly suspended, and not being summarily suspended. (*Id.* ¶ 48.) Finally, Plaintiff brings an additional claim, asserting that DeBose discriminated against him because he is male. (*Id.* ¶ 56.)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in

---

[1] For a more extensive summation of the facts, see this Court's first Memorandum Opinion in this case.

2

order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations" but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Id.* (citations omitted). In considering such a motion, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Title IX provides in pertinent part that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). This prohibition is enforceable through an implied private right of action against the institution receiving federal funds. *Davis Next Friend Lashonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 639 (1999) (finding an implied private right of action to enforce Title IX where the recipient of federal funds is being held liable for its own misconduct). To properly state a claim under Title IX, a plaintiff must allege specific facts demonstrating that the plaintiff was treated less favorably than a similarly situated student and that the plaintiff's gender was a motivating factor for the

different treatment. *See Yusuf v. Vasar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994); *Streno v. Shenandoah Univ.*, 278 F. Supp. 3d 924, 932 (W.D. Va. 2017).

Plaintiffs may pursue a Title IX claim under either an erroneous outcome or selective enforcement theory. *Yusuf*, 35 F.3d at 709. As three federal courts of appeals have recognized, the selective enforcement theory "asserts that, regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender." *Yusuf*, 35 F.3d at 715; *see also Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018) (citing *Yusuf*, 35 F.3d at 715); *Plummer v. Univ. of Houston*, 860 F.3d 767, 777–78 (5th Cir. 2017) (citing *Yusuf*, 35 F.3d at 715). "However, allegations of a procedurally or otherwise flawed proceeding . . . combined with a conclusory allegation of gender discrimination is not sufficient to survive a motion to dismiss." *Yusuf*, 35 F.3d at 715.

Here, Plaintiff pursues his claim exclusively under the selective enforcement theory. In his Amended Complaint, Plaintiff attempts to bolster his original argument by alleging additional facts that highlight the ways in which he was similarly situated to the female students involved in the incident that led to his removal from VSU. He states that all three students were subject to the same Student Code of Conduct, faced charges from the VSU Department of Police, were subjected to the same VSU adjudicatory process, and had the same prior disciplinary history. Significantly, he also alleges that their misconduct stemmed from the same incident and that, despite this fact, VSU took swift action against him solely because he is male and the other students are female.

4

While Plaintiff's "same incident" argument may be true in a broad sense, there are several fatal distinctions between the misconduct of Plaintiff and the misconduct of the female students. First, the alleged actions that led to the misconduct charges occurred at different places and at different times. Furthermore, the female students involved here are not also subject to a protective order issued by the Chesterfield County General District Court.

Finally, the students faced different charges: Plaintiff faced misconduct charges for assaulting another student while the female students faced charges for theft. To properly state a claim, Plaintiff would need to allege facts that show he was treated differently than a female student who was also accused of assault. *See Doe 2 v. Fairfax Cty. Sch. Bd.*, 384 F. Supp. 3d 598, 608–609 (E.D. Va. 2019) (citing *Sheppard v. Visitors of Va. State Univ.*, No. 3:18cv723–HEH, 2019 WL 1869856, at *4–5 (E.D. Va. Apr. 25, 2019)); *Streno*, 278 F. Supp. 3d at 932. Thus, Plaintiff is not similarly situated to the two female students.[2] Accordingly, Plaintiff's claim in Count I fails.

To the extent Plaintiff sues Debose in his individual capacity, the Court will also dismiss Plaintiff's Fourteenth Amendment claims brought via § 1983 in Counts II and III. In Count II, Plaintiff again fails to allege the deprivation of a protected property or liberty interest giving rise to a plausible due process violation. In Count III, Plaintiff fails to

---

[2] Because Plaintiff fails to demonstrate he was similarly situated to the two female students, the Court refrains from addressing the disparate treatment prong of the Title IX analysis. However, even if Plaintiff were similarly situated to the two female students, Plaintiff also fails to cite any authority supporting his claim that a temporal difference in University instituted disciplinary procedures constitutes disparate treatment.

demonstrate that he was treated differently from similarly situated students or that the treatment resulted from discriminatory animus, both of which are necessary to state a claim for an equal protection violation.

As an initial matter, Debose asserts qualified immunity as to Plaintiff's claims against him in his personal capacity. (Defs.' Mem. Supp. 19–20, ECF No. 21.) "[A] well-established principle of federal civil rights litigation is that government officials sued in their personal capacities for violations of federal rights are entitled to qualified immunity if the right was not clearly established at the time of the violation." *Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712, 724 (E.D. Va. 2015) (citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001)). In resolving claims of qualified immunity by government officials, the Court must determine (1) whether the alleged facts "make out the violation of a constitutional right" and (2) whether that right was "clearly established" at the time of the defendant's alleged misconduct. *Pearson*, 555 U.S. at 232. It is within the discretion of federal district courts to determine which step to analyze first. *Id.* at 242. Based on the Court's analysis of Plaintiff's § 1983 claims, see *infra*, Plaintiff does not provide any support for a clearly established constitutional violation by Debose. Accordingly, he enjoys qualified immunity, and Plaintiff is barred from pursuing his claims against Debose in his personal capacity.

Further, Debose asserts Eleventh Amendment immunity for monetary relief sought from him in his official capacity. (Defs.' Mem. Supp. 21–22.) Plaintiff's relief against Debose in his official capacity is restricted to "'prospective, injunctive relief . . . to

prevent ongoing violations of federal law . . . .'" *Bland v. Roberts*, 730 F.3d 368, 390 (4th Cir. 2013) (quoting *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010)).

With immunity's limitations in mind, the Court turns to the sufficiency of the pleadings with respect to Plaintiff's § 1983 claims.

In Count II, Plaintiff alleges that DeBose violated his due process rights under § 1983. To properly plead a due process violation, a plaintiff must plead sufficient facts to show that he had a cognizable property or liberty interest, and that he was deprived of that interest without due process. *Bd. of Regents v. Roth*, 408 U.S. 564, 569–71 (1972); *Shirvinski v. U.S. Coast Guard*, 673 F.3d 308, 314 (4th Cir. 2012).

The Constitution does not create protected property interests. *Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d at 721 (quoting *Equity in Athletics, Inc. v. Dep. of Educ.*, 639 F.3d 91, 109 (4th Cir. 2011)). Instead, a property interest must be created by some other source, such as state law or rules entitling citizens to certain benefits. *Roth*, 408 U.S. at 577. For a property interest to be protected, a person must have a legitimate claim of entitlement to the property interest, not have merely a desire for it. *Id.*

In his Amended Complaint, Plaintiff asserts three property interests. First, Plaintiff argues that he had a property interest in his continuing enrollment at VSU. (Am. Compl. ¶ 49.) Plaintiff relies on *Goss v. Lopez*. 419 U.S. 565 (1975).

In *Goss*, an Ohio statute provided a claim of entitlement to continued enrollment in public school. 419 U.S. at 567. The Supreme Court held that a student's enrollment in a public school constituted a property interest based on the Ohio statute guaranteeing a free education to all residents between five and twenty-one years of age. *Id.* at 573–74.

With respect to the case at hand, however, no analogous Virginia statute exists. Furthermore, "[n]either the Supreme Court nor the Fourth Circuit has held that a property interest exists in connection with higher education, categorically or specifically with regard to Virginia law." *Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d at 721. Indeed, "absent some underlying state-created interest, courts consistently decline to find a property interest in continued enrollment in college or graduate school programs when a student involuntarily separates from an academic institution." *M.B. v. McGee*, No. 3:16cv334, 2017 WL 1364214, at *12 (E.D. Va. Mar. 24, 2017) (citing *Abbas v. Woleben*, Civil No. 3:13CV147, 2013 WL 5295672, at *6 (E.D. Va. Sept. 19, 2013) ("Recent decisions in this Court have held conclusively that a student does not have a property interest in continuing enrollment in an educational program.")); *see also Doe v. Va. Polytechnic Institute & State Univ.*, No. 7:18-cv-00170-EKD, 2019 WL 3848794, at *28 (W.D. Va. Aug. 15, 2019) (holding that a student at a public university does not have a cognizable property interest in continued enrollment). Therefore, Plaintiff's alleged property interest in his continued enrollment cannot form the basis of a due process claim.

Second, Plaintiff alleges a property interest in not being haphazardly or arbitrarily suspended without notice or opportunity to be heard. "The fundamental requisite of due process of law is [notice and] the opportunity to be heard." *Murphy-Taylor v. Hoffmann*, 968 F. Supp. 2d 693, 729 (D. Md. 2013) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)). Yet, Plaintiff received notice of the misconduct claim against him, had the opportunity to attend a hearing, and did, in fact, participate in that hearing. (Am.

Compl. ¶¶ 18–21.) Due process does not require that Plaintiff be allowed to remain at VSU; it requires that he receive notice and the opportunity to be heard. *See Murphy-Taylor*, 968 F. Supp. 2d at 729. Plaintiff received both; thus, even if Plaintiff had such a cognizable property interest, VSU satisfied the requirements of due process.

Third, Plaintiff alleges a property interest in not being summarily suspended. However, Plaintiff's suspension cannot form the basis of a due process claim against DeBose because his suspension occurred in response to the protective order issued against Plaintiff by the Chesterfield County General District Court. Neither VSU nor DeBose were involved in the issuance of the protective order. Thus, Plaintiff's claim cannot be predicated on his suspension because doing so would allow Plaintiff's claim against Debose to be based upon actions taken by someone other than Debose. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no application under this section."). As a result, Plaintiff fails to allege a constitutionally protected property interest.

Plaintiff further asserts that DeBose violated his equal protection rights under § 1983 in Count III. To properly plead an equal protection violation, a plaintiff must plead sufficient facts to show that (1) he was treated differently from others who were similarly situated and (2) that the difference in treatment arose from discriminatory animus. *Nofsinger v. Va. Commonwealth Univ.*, No. 3:12-CV-236, 2012 WL 2878608, at

\*9 (E.D. Va. 2012) (citing *Equity in Ath., Inc.*, 639 F.3d at 108). "Allegations of a procedurally or otherwise flawed proceeding ... combined with a conclusory allegation of gender discrimination is not sufficient to survive a motion to dismiss." *Yusuf,* 35 F.3d 709 at 715. A plaintiff must plead facts that make such an equal protection violation plausible rather than simply possible. *Equity in Ath., Inc.,* 639 F.3d at 108.

Count III of Plaintiff's Amended Complaint is sparse. Plaintiff alleges that DeBose displayed intentional and reckless disregard for Plaintiff's constitutional rights by discriminating against Plaintiff because of his male gender. However, conspicuously absent from Count III of Plaintiff's Amended Complaint are any other facts unique to Plaintiff. Thus, his assertion of an equal protection violation is merely a legal conclusion and does not constitute a factual basis for an equal protection claim.

Even looking beyond Count III to the remaining facts in the Amended Complaint, Plaintiff still fails to plead facts sufficient for an equal protection claim. Plaintiff does not identify any similarly situated female student, see *supra.* *See Doe v. Fairfax Cty. Sch. Bd.*, No. 1:19-cv-65, 2019 WL 4894340, at \*4 n.5 (E.D. Va. Sept. 11, 2019) (citing *Fairfax Cty. Sch. Bd.*, 384 F. Supp. 3d at 608) (explaining that the same comparator analysis is necessary to support a Title IX or equal protection claim).[3] Thus, Plaintiff fails to plead facts sufficient to show that he was treated differently than a similarly situated female student because of his gender.

---

[3] Plaintiff fails to offer differing evidence for his Title IX and equal protection claims.

Furthermore, Plaintiff fails to plead facts sufficient to show that DeBose acted with discriminatory animus. Plaintiff merely alleges that DeBose discriminated against him because of his male gender. (Am. Compl. ¶¶ 56–58.) The Amended Complaint does not provide facts in support of this legal conclusion. Thus, Plaintiff fails to properly plead an equal protection violation in Count III.

Plaintiff's Amended Complaint does not demonstrate a clearly established constitutional violation by Debose. Therefore, Debose is protected by qualified immunity.

Based upon the foregoing analysis, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss will be granted.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 14, 2019
Richmond, Virginia